NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| AIDE WANG,<br><br>               Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>               Respondent. | No. 14-73628<br><br>Agency No. A088-129-786<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2019[**]

Before: WALLACE, FARRIS, and TROTT, Circuit Judges.

Aide Wang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") decision dismissing his appeal from an

immigration judge's ("IJ") denial of his application for asylum and withholding of

removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review questions

of law de novo. *Vilchez v. Holder*, 682 F.3d 1195, 1198-99 (9th Cir. 2012). We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review the agency's factual findings, including adverse credibility findings, for substantial evidence. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We dismiss in part and deny in part the petition for review.

ASYLUM

We lack jurisdiction to review the BIA's factual finding that Wang's asylum application was untimely. *See* 8 U.S.C. § 1158(a)(3); *Abdisalan v. Holder*, 774 F.3d 517, 527 (9th Cir. 2014) (en banc). The BIA did not commit an error of law by failing to provide Wang with notice or an opportunity to present corroborating evidence or explain why it was unavailable. *See Wang*, 682 F.3d at 1008-09 (holding that applicant is entitled to notice that corroborating evidence is needed to carry his burden of proof only when his testimony is otherwise credible). Thus, Wang's asylum claim fails.

WITHHOLDING OF REMOVAL

Substantial evidence supports the BIA's adverse credibility finding. Based on the omission from Wang's original asylum application of his claim of resistance to China's family planning policy, Wang's explanation does not compel a different conclusion. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (holding that adverse credibility finding was reasonable under the totality of the circumstances). Thus, in the absence of credible testimony, Wang's withholding

2

of removal claim fails.  *See Wang*, 861 F.3d at 1009.[1][2][3][4]

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

[1] We do not address Wang's argument regarding likelihood of persecution on account of his resistance to China's family planning policy because it is an issue that the agency did not address.

[2] Wang's contention regarding his eligibility for the Deferred Action for Parents of Americans and Lawful Permanent Residents program is without merit.

[3] Wang has forfeited any claim for relief under the Convention Against Torture because he did not raise it in his opening brief.

[4] Wang's motion for judicial notice (Docket Entry No. 12) is denied.  *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (holding that court's review is limited to administrative record).